UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 13-00273 (2) (SRN/JJK)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MORAN OZ (2), | ) | |
| | ) | |
| Defendant. | ) | |

Jacqueline Blaesi-Freed, Linda I. Marks, U.S. Department of Justice, Consumer Protection Branch, 450 5th St. NW, Ste. 6400, Washington, DC 20001, and Roger J. Gural, U.S. Department of Justice, Civil Division, P.O. Box 386, Washington, DC 20044, for the United States of America.

Joseph S. Friedberg, 701 4th Ave. S., Ste. 300, Minneapolis, MN 55415, and Robert D. Richman, P.O. Box 16643, St. Louis Park, MN 55416, for Defendant Moran Oz.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Moran Oz's Objections to Magistrate Judge's Order ("Objs.") [Doc. No. 440]. Defendant Oz ("Oz") filed a Memorandum in Support of these Objections ("Mem. in Supp.") [Doc. No. 441]. Oz objects to portions of the Order on Motions ("Order") issued by Magistrate Judge Keyes on December 17, 2015 [Doc. No. 424]. The Government filed a timely Memorandum in Response to Defendant

Oz's Objections ("Resp.") [Doc. No. 449]. Oz subsequently filed a Reply to Government's Response ("Reply") [Doc. No. 452].[1]

## I.     INTRODUCTION

The extensive factual history of this case is well documented in previous orders and is unnecessary to recount in resolving the matters presently before the Court. The procedural history of these matters is undisputed and thoroughly summarized in Magistrate Judge Keyes' Order. Thus, for the sake of brevity, the Court refers to that Order.

Oz made numerous non-dispositive motions which Magistrate Judge Keyes ruled on in his Order. (See generally Order.) Oz now objects to four of the rulings in the Order. (See generally Objs.) The Court summarizes each objection below.

First, Oz objects to the Order, to the extent that it limits the relief he sought in his Brady motion. (See Objs.; Order at 8–10.) Although Magistrate Judge Keyes granted Oz's Brady motion, he did not require that the Government "discover and disclose information [related to a purported Government informant, Paul Calder Le Roux] possessed by other federal agencies that have no involvement in the investigation at issue." (Order at 10.) Oz, citing United States v. Osorio, 929 F.2d 753 (1st Cir. 1991) and United States v. Owens, 933 F. Supp. 76 (D. Mass. 1996), argues that Magistrate

---

[1] No reply is allowed under the local rules. See D. Minn. L.R. 72.2(a). Oz's Reply contains additional argument regarding his objection to Magistrate Judge Keyes' decision not to impose additional investigatory requirements on the Government in relation to the disclosure of exculpatory or impeachment evidence, but cites no new legal authority. (See Reply.) Because the Reply is disallowed under the local rules and offers no additional substantive material, the Court disregards it for the purposes of this ruling.

Judge Keyes clearly erred by not imposing this additional obligation on the Government. (See Mem. in Supp. at 4–11.)

Second, Oz objects to Magistrate Judge Keyes' denial of his motion to strike surplusage from the Indictment. (See Objs.) Magistrate Judge Keyes found that the alleged surplusage to be struck was not irrelevant, inflammatory, or prejudicial, and thus did not merit striking. (Order at 12–16.) Oz disagrees with this conclusion and claims that the Indictment is "closer to a novella"; that it "is a treatise on the law, summarizes case law, provides legislative history, and otherwise goes far beyond the concise statement that the rules demand." (Mem. in Supp. at 3.) Oz points to various pieces of the Indictment that are allegedly "biased, argumentative, [] incomplete discussion[s] of the law, [many] of which [have] no application to this case." (See id. at 3–4.)

Third, Oz objects to Magistrate Judge Keyes' denial of his motion for a bill of particulars. (See Objs.) Magistrate Judge Keyes held that the Indictment provided ample detail to put Oz on notice of the elements of the offenses against him and that a bill of particulars was unnecessary. (See Order at 16–18.) Oz objects, arguing that although the Indictment sets out the fraud charges against him, it "also leaves the government wiggle room, allowing it to supplement the allegations at trial." Specifically, Oz argues that, while the Indictment recites specific examples of his alleged misrepresentations, it couches them with terms like "including" and "among other things." (Mem. in Supp. at 1–2.) Oz claims that without a bill of particulars he "will not discover the precise scope of this charge until trial." (Id. at 2.) In the alternative, Oz asks the Court to strike the "wiggle words" from the Indictment. (Id.)

3

Fourth, Oz objects to Magistrate Judge Keyes' denial of his motion for a pretrial scheduling order. (See Objs.) Magistrate Judge Keyes found that although the parties agreed to the timing of various discovery disclosures, a scheduling order memorializing these agreements was unnecessary. (Order at 18–19.) Oz disagrees and claims that "a scheduling order is completely appropriate in a complex case such as this one with voluminous discovery." (Mem. in Supp. at 11.)

## II.  DISCUSSION

### A.  Standard of Review

A magistrate judge's order on a non-dispositive issue is overturned on review only where that order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); D. Minn. L.R. 72.2(a). Only if the reviewing district court has a "definite and firm conviction" that the magistrate judge erred is a reversal warranted. See Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (discussing the clearly erroneous standard under Fed. R. Civ. P. 52(a)); Saleen v. Waste Mgmt., Inc., 649 F. Supp. 2d 937, 943 (D. Minn. 2009) (discussing the same clearly erroneous standard for review under Fed. R. Civ. P. 72(a)). Even if the reviewing court would have decided the matter another way, this is not the basis for reversal. Schaub v. VonWald, 638 F.3d 905, 915 (8th Cir. 2011). "A decision is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Shukh v. Seagate Tech., LLC, 872 F. Supp. 2d 851, 854 (D. Minn. 2012) (quotations omitted).

### B.  Oz's Objection to Magistrate Judge Keyes' Ruling on His Brady Motion

A prosecutor's suppression of material evidence favorable to a criminal defendant, if a request for such evidence was made, violates due process and warrants a new trial. Brady v. Maryland, 373 U.S. 83, 87 (1963). Under Brady, a prosecutor "has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." Kyles v. Whitley, 514 U.S. 419, 437 (1995). Prosecutors are under a related duty to disclose "matters that affect the credibility of *prosecution witnesses*." United States v. Morton, 412 F.3d 901, 906 (8th Cir. 2005) (citing Giglio v. United States, 405 U.S. 150, 153–54, (1972)) (emphasis added). However, "[w]hile Brady requires the Government to tender to the defense all exculpatory evidence in its possession, it establishes no obligation on the Government to seek out such evidence." United States v. Riley, 657 F.2d 1377, 1386 (8th Cir. 1981) (quotations omitted); see United States v. Smith, 749 F.3d 465, 492 (6th Cir.) cert. denied, 135 S. Ct. 307 (2014) reh'g denied, 135 S. Ct. 1034 (2015); United States v. Walton, 430 F. App'x 141, 148 (3d Cir. 2011); United States v. Celestin, 612 F.3d 14, 22 (1st Cir. 2010). In short, Brady does not obligate the prosecution to conduct the defense's investigation for them. United States v. Gray, 648 F.3d 562, 567 (7th Cir. 2011).

To be clear, Magistrate Judge Keyes granted Oz's Brady motion by ordering the Government "to comply with its obligation to produce favorable and impeaching evidence regarding witnesses . . . to the extent the information is known to prosecutors." (Order at 9.) Oz objects that Magistrate Judge Keyes did not require that the Government "make inquiry of other specified agencies to determine if they possess exculpatory material concerning the government's informant Paul Calder Le Roux." (Mem. in Supp.

5

at 4–5.) Oz argues that because the Government "is dealing with" Le Roux in the sense that its investigations of Le Roux[2] and Oz are intertwined, it is required to investigate and disclose what other federal executive branch agencies know about Le Roux. (See id. at 9.) More specifically, Oz contends that his planned "duress" defense is directly tied to alleged acts of intimidation and coercion by Le Roux. (See id. at 10.) Oz's argument is without merit for at least two reasons.

First, Oz implies that the Court has a pretrial duty to monitor what evidence the Government has to determine if it may be characterized as exculpatory or impeachment evidence. Oz cites no case law in support of this implication, nor can the Court find any evidence of such an affirmative, pretrial obligation on the Court. Instead, the fact that Brady claims arise only post-trial suggests there is no such pretrial affirmative duty on the Court.   See United States v. Kime, 99 F.3d 870, 882 (8th Cir. 1996) ("The rule of Brady is limited to the discovery, after trial, of information which had been known to the prosecution but unknown to the defense." (quotations omitted)); United States v. Almendares, 397 F.3d 653, 664 (8th Cir. 2005)  ("Under the rule in our circuit Brady does not require pretrial disclosure, and due process is satisfied if the information is furnished before it is too late for the defendant to use it at trial."). Thus, Magistrate Judge Keyes properly concluded no such duty exists, but issued the prudent warning that "[t]o the extent prosecution and defense disagree as to whether certain evidence is Brady material or is otherwise favorable or helpful to the defendant, the government withholds such evidence at its own peril." (Order at 10.)

---

[2] La Roux is not a co-defendant in this case.

Second, Oz overstates the Government's obligation to investigate and disclose exculpatory or impeachment evidence. Here, the Government makes clear it will not, as part of its case-in-chief, call Le Roux as a witness or seek to introduce any of his testimony. (Resp. at 8–9.) The Government also avers it did not rely on Le Roux as a basis for the Indictment. (See id.) The cases Oz cites in support of his objection are distinguishable on these bases. See Osorio, 929 F.2d at 756, 760–61 (discussing the government's duty to investigate—within the offices of the government agencies involved with the defendant's prosecution—and disclose impeachment evidence related to its "chief witness" against the defendant); Owens, 933 F. Supp. at 85–89 (discussing a prosecutor's duty to investigate and disclose evidence regarding his own witnesses).

Moreover, the Government is under no duty to seek out exculpatory or impeachment evidence—from agencies not involved with the investigation of this case—pertaining to a potential witness for the defense. See Kyles, 514 U.S. at 437 (limiting the government's duty to investigate potentially exculpatory evidence to that held by "others acting on the government's behalf *in the case*" (emphasis added)); Riley, 657 F.2d at 1386 (holding that prosecutors are under no obligation to seek out exculpatory evidence not in their possession). Oz is free to subpoena government agencies for information regarding Le Roux, but the Court will not order the Government to conduct Oz's investigation into his duress defense for him.[3] See Gray, 648 F.3d at 567

---

[3] Furthermore, in the context of Brady, "[e]vidence is not suppressed if the defendant has access to the evidence prior to trial by the exercise of reasonable diligence." United States v. Stuart, 150 F.3d 935, 937 (8th Cir. 1998); see United States v. Tierney, 947 F.2d 854, 864 (8th Cir. 1991) ("[E]ven if the defendant has requested evidence from the

7

Based on these facts and the case law discussed above, the Court concludes that Magistrate Judge Keyes did not err in refusing to impose the investigatory and disclosure requirements Oz requested in relation to Le Roux.

### C. Denial of Oz's Motion to Strike Surplusage

Upon a motion by the defendant, a court may strike surplusage from an indictment where the information to be struck is prejudicial and irrelevant. Fed. R. Crim. P. 7(d), 1944 Advisory Comm. Note. Only where it is clear the material to be struck is irrelevant to the charge or contains inflammatory and prejudicial material should a motion to strike surplusage be granted. United States v. Michel-Galaviz, 415 F.3d 946, 948 (8th Cir. 2005). Thus, motions to strike surplusage are rarely granted. United States v. Hedgepeth, 434 F.3d 609, 611 (3d Cir. 2006). The decision to strike language from an indictment is within the discretion of the trial court. United States v. DeRosier, 501 F.3d 888, 897 (8th Cir. 2007).

Magistrate Judge Keyes carefully considered each portion of the Indictment Oz proposes to strike and concluded that these sections were either relevant to the underlying charges, or not prejudicial or inflammatory. (See Order at 12–16.) In his objections, Oz again states his belief that the material he proposes to strike are irrelevant, prejudicial, or

---

government, the government has no affirmative duty to disclose evidence where, as here, it is not aware of the evidence, and the evidence is readily accessible to the defendant."); It appears Oz is already aware of much, if not all, of the potential exculpatory or impeachment evidence regarding Le Roux and is capable of investigating this evidence on his own. (See Mem. in Supp. at 7–10 (showing extensive knowledge, obtained from filings in other cases, of Le Roux's alleged criminal past and connection to the present matter).)

both. (Mem. in Supp. at 3–4.) For instance, Oz argues that the Indictment's reference to butalbital as habit-forming and potentially abusable is irrelevant since there is no allegation Oz ever distributed butalbital. (<u>Id.</u> at 3.) Furthermore, he claims reference to butalbital is prejudicial because butalbital's combination with the other ingredients of Fioricet (a drug Oz is alleged to have been illicitly involved with) vitiate the potential for abuse. (<u>Id.</u>)

There is no evidence that Magistrate Judge Keyes erred in determining that the language Oz complains of in the Indictment is not prejudicial or irrelevant in the ways necessary to warrant granting Oz's motion to strike. As an example, the Court agrees with Magistrate Judge Keyes' assessment that the information about Fioricet's component parts, including butalbital, provides relevant background about a primary drug underlying the charges in this case. (<u>See</u> Order at 15.) If Oz disagrees with the accuracy of the information contained in the Indictment, he can present his own evidence to that effect at trial.

**D. Denial of Oz's Motion for a Bill of Particulars**

An indictment is sufficient so long as it fairly informs the defendant of the charges against him. <u>United States v. Webster</u>, 797 F.3d 531, 535 (8th Cir. 2015), <u>reh'g denied</u> (Oct. 19, 2015). Where the indictment contains all the essential elements of the charge(s) and alleges sufficient information to allow the defendant to plead a conviction or acquittal as a bar to subsequent prosecution, the indictment is sufficient. <u>United States v. Mann</u>, 701 F.3d 274, 288 (8th Cir. 2012); see <u>United States v. Fleming</u>, 8 F.3d 1264, 1265 (8th Cir. 1993) ("An indictment will ordinarily be held sufficient unless it is so

9

defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.") Where an indictment meets these requirements, a defendant is likely not entitled to a bill of particulars. See United States v. Sileven, 985 F.2d 962, 966 (8th Cir. 1993) (upholding denial of bill of particulars where indictment adequately informed defendant of mail fraud charges); United States v. Finn, 919 F. Supp. 1305, 1326 (D. Minn.) adopted, 911 F. Supp. 372 (D. Minn. 1995) aff'd sub nom. United States v. Pemberton, 121 F.3d 1157 (8th Cir. 1997) (denying defendant's request for bill of particulars identifying all members of a conspiracy and the dates and locations of each alleged act). "A bill of particulars . . . is not a proper tool for discovery; it is not to be used to provide detailed disclosure of the government's evidence at trial." United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993) (citation omitted). Granting or denying a bill of particulars is within the broad discretion of a trial court. United States v. Arenal, 768 F.2d 263, 268 (8th Cir. 1985).

Oz does not argue that the Indictment is insufficient. (See Mem. in Supp. at 1–3.) Instead, he argues that a bill of particulars describing every misrepresentation he is alleged to have made is necessary so he may "discover the precise scope" of the charges against him. (See id. at 2.) The Government contends that the Indictment provides ample general and specific allegations establishing that "defendants' entire business model was predicated on a fraud: selling enormous quantities of prescription drugs under the pretense of legality," allowing Oz to adequately prepare his defense. (See Resp. at 3– 5.)

10

The Court agrees with the Government and Magistrate Judge Keyes that the 46-page Indictment "amply sets out overt acts of the alleged conspiracy, as well as specific incidents of unlawful delivery of drugs and unlawful communications." (See Order at 18.) Furthermore, because of the detail in the Indictment, the Court finds little risk that Oz will be actually surprised at trial. See United States v. Stephenson, 924 F.2d 753, 762 (8th Cir. 1991) (district court abuses its discretion in denying a bill of particulars only where defendant can show actual surprise at trial resulting in prejudice). Oz is not entitled to notice of all the Government's evidence and thus a bill of particulars is unwarranted.[4] See United States v. Holzendorf, 576 F. App'x 932, 935–36 (11th Cir. 2014) (affirming district court's denial of defendant's request for a bill of particulars detailing each misrepresentation the government planned to prove at trial, describing the requested bill of particulars as "a thinly veiled attempt to have the government make a detailed disclosure of the evidence that it planned to present at trial"); United States v. Tyler, 42 F. App'x 186, 190 (10th Cir. 2002) (defendant was not entitled to notice of all the government's evidence, only the theory of the government's case); United States v. Hajecate, 683 F.2d 894, 898 (5th Cir. 1982) ("[E]ven a bill of particulars cannot be required to compel revelation of the full theory of the case or all the evidentiary facts.").

---

[4] Oz argues that if the Court denies his motion for a bill of particulars, in the alternative it should strike various "wiggle words" from the Indictment to avoid those words from "unfairly inform[ing] the jury that there are other uncharged instances of fraud." (See Mem. in Supp. at 2–3.) The Court disagrees that the Indictment's use of terms like "including" and "among other things" when describing specific alleged misrepresentations suggests there are uncharged instances of fraud. Instead, these "wiggle words" simply note that there were perhaps other misrepresentations made to advance and perpetuate the specific fraudulent conspiracy plead. (See Resp. at 5.) Thus, Oz's suggested alternative to strike the "wiggle words" is denied.

### E. Denial of Oz's Motion for a Pretrial Scheduling Order

Oz contends that Magistrate Judge Keyes erred by refusing to grant his request for a pretrial scheduling order because such an order would "ensure the orderly schedule of disclosures prior to trial, prevent trial by ambush, and eliminate the need for last minute delays in the Court's trial schedule." (See Mem. in Supp. at 11–12.) Although it is true that Oz and the Government agreed to various disclosure schedules during their L.R. 12.1(b) conference, (see Mem. in Supp. at 11; Order at 18), the Court agrees with Magistrate Judge Keyes that there is no compelling need to memorialize that agreement in a pretrial scheduling order. Unlike in civil cases where the trial court is strongly encouraged to issue a pretrial scheduling order, see Fed. R. Civ. P. 16(b), written scheduling orders are uncommon in criminal cases, see Fed. R. Crim. P. 16(d), 17.1. Furthermore, Oz presents no evidence to suggest the parties will not abide by their agreed upon disclosure schedules (e.g., previous failures to abide by agreed upon schedules, delay tactics, etc.).

Thus, the Court concludes that Magistrate Judge Keyes did not err in denying Oz's request for a pretrial scheduling order. Instead, the Court echoes Magistrate Judge Keyes' encouragement that the parties abide by their agreement and take whatever steps necessary to be prepared for trial by its scheduled date.

### III. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Defendant Oz's Objections to Magistrate Judge's Order [Doc. No. 440] are **OVERRULED**.

2. The Order on Motions [Doc. No. 424] is **AFFIRMED**.


Dated: February 11, 2016          s/ Susan Richard Nelson
                                  SUSAN RICHARD NELSON
                                  United States District Judge